IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 8, 2021

## STATE OF TENNESSEE v. JUAN LASEAN PERRY

**Appeal from the Circuit Court for Maury County**
**No. 13103    Russell Parkes, Judge**

_____

### No. M2020-01169-CCA-R3-CD

_____

The Defendant, Juan LaSean Perry, appeals the trial court's summary denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 in which he challenged his twenty-five-year sentence resulting from his second degree murder conviction in 2005. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and JILL BARTEE AYERS, JJ., joined.

Juan LaSean Perry, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Maury County jury convicted the Defendant of second degree murder for his killing of the victim, Mr. Joey Williams, and the trial court imposed a twenty-five-year sentence. *State v. Juan La Sean Perry*, No. M2007-00903-CCA-R3-CD, 2008 WL 1875165, at *1 (Tenn. Crim. App. Apr. 28, 2008).[1] This court affirmed his conviction and sentence on direct appeal. *Id.* at *7. The Defendant filed a petition for post-conviction relief, and the post-conviction court dismissed his petition as untimely. *Juan La Sean Perry v. State*, No. M2013-00986-CCA-R3-PC, 2013 WL 5775814, at *1 (Tenn.

---

[1] We note that the Defendant's middle name is alternately spelled as one word or two in prior proceedings.

Crim. App. Oct. 24, 2013). This court affirmed the post-conviction court's decision on appeal. *Id.* at *3. The Defendant filed a petition for writ of habeas corpus, alleging that his second degree murder conviction was void because his indictment was constructively amended and that he was improperly required to serve one hundred percent of his sentence. *Juan LaSean Perry v. State*, No. M2018-00207-CCA-R3-HC, 2018 WL 3913505, at *1 (Tenn. Crim. App. Aug. 15, 2018). The habeas corpus court denied the petition summarily, and the lower court's decision was affirmed on appeal. *Id.* at *3. The Defendant filed a second petition for writ of habeas corpus, alleging that he was improperly convicted of second degree murder as a lesser-included offense of first degree murder and that the trial court improperly applied enhancement factors during sentencing. *Juan LaSean Perry v. State*, No. M2020-00583-CCA-R3-HC, 2021 WL 1233393, at *1 (Tenn. Crim. App. Mar. 31, 2021), *no perm. app. filed*. The habeas corpus court denied relief, and its decision was affirmed on appeal. *Id.* at *3.

The present appeal concerns the trial court's summary denial of the Defendant's August 4, 2020, motion to correct an illegal sentence, which was his most recent of three motions filed pursuant to Tennessee Rule of Criminal Procedure 36.1. According to the trial court's order entered on November 26, 2014, denying the Defendant's first Rule 36.1 motion, the Defendant claimed that his sentence violated the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). The trial court found that the Defendant failed to state a colorable claim for relief and denied the motion summarily. The Defendant did not appeal the trial court's decision.

According to the trial court's order entered on September 6, 2018, denying the Defendant's second Rule 36.1 motion, the Defendant claimed as he did in his first motion that his sentence violated the Supreme Court's decision in *Blakely*. The trial court found that the Defendant failed to state a colorable claim for relief because his claim had been previously determined. The Defendant appealed, and this court dismissed the appeal because the Defendant failed to respond to an order regarding a missed filing deadline. *State v. Juan L. Perry*, No. M2018-01960-CCA-R3-CD (Tenn. Crim. App. Apr. 12, 2019) (order dismissing the Defendant's Rule 36.1 motion appeal).

In this third Rule 36.1 motion to correct an illegal sentence, the Defendant claimed again that his sentence violated the Supreme Court's decision in *Blakely* and that his sentence was an ex post facto punishment because he was sentenced under a sentencing statute that was amended in 2005 to comply with the Supreme Court's decision in *Blakely*. The Defendant also claimed that the State failed to provide him notice of its intent to seek enhanced punishment. The trial court found that it reviewed "a virtually identical position" in the Defendant's second Rule 36.1 motion, found that the claim was

previously determined, and found that the Defendant failed to state a colorable claim for relief. The court summarily denied the Defendant's motion, and the Defendant appeals.

## ANALYSIS

On appeal, the Defendant raises the same arguments he asserted below, contending that his sentence is illegal because it violated the rule of law established in *Blakely v. Washington* and because the State failed to notify him of its intent to seek enhanced punishment. The State argues the Defendant's claims did not state a colorable claim for relief. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1(a)(1) provides that a defendant "may seek to correct an illegal sentence by filing a motion to correct illegal sentence in the trial court in which the judgment of conviction was entered." Only fatal errors, which include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses," render a defendant's sentence illegal. *State v. Wooden*, 478 S.W.3d 585, 595 (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 448-49 (Tenn. 2011); *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2011)).

If the motion states a colorable claim and the trial court determines a hearing is necessary, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b)(3). A "'colorable claim' means a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. A trial court may summarily dismiss a defendant's Rule 36.1 motion if the motion fails to state a colorable claim. Tenn. R. Crim. P. 36.1(b)(2). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law reviewed de novo on appeal. *Wooden*, 478 S.W.3d at 589.

We note initially that this is the third time the Defendant has raised a claim under *Blakely* pursuant to Rule 36.1, and he does not challenge the trial court's finding that the claim was previously determined. As a result, he fails to show the trial court erred in summarily denying relief on that claim. *See State v. Ricky Flamingo Brown*, No. M2015-01754-CCA-R3-CD, 2016 WL 987641, at *2 (Tenn. Crim. App. Mar. 15, 2016) ("Rule 36.1 may not be used to relitigate those issues that have been previously determined."). Additionally, the Defendant's *Blakely* claim would not entitle him to relief under Rule 36.1. "A statutorily available sentence imposed in violation of *Blakely* is not a fatal error

and '[o]nly fatal error render sentences illegal' under Rule 36.1." *State v. Rodricus Antwan Johnson*, No. W2018-00950-CCA-R3-CD, 2018 WL 6528698, at *3 (Tenn. Crim. App. Dec. 11, 2018) (quoting *Wooden*, 478 S.W.3d at 595); *see State v. James Mario Starnes*, No. M2016-02274-CCA-R3-CD, 2018 WL 446202, at *1 (Tenn. Crim. App. Jan. 17, 2018); *State v. Rafael Antonio Bush*, No. M2016-01537-CCA-R3-CD, 2017 WL 2376825, at *7 (Tenn. Crim. App. June 1, 2017). Furthermore, any claim that he was improperly sentenced under the 2005 Sentencing Act without a waiver would, if true, merely render the judgment voidable. *See*, *e.g.*, *Michael V. Morris v. State*, No. M2008-02113-CCA-R3-HC, 2010 WL 2075933, at *4 (Tenn. Crim. App. May 25, 2010). On direct appeal, this court affirmed the Defendant's twenty-five-year sentence for second degree murder. *See Juan La Sean Perry*, 2008 WL 1875165, at *6. He otherwise does not allege that his sentence was statutorily unavailable. Therefore, the Defendant's claim did not state a colorable claim for relief.

Likewise, the Defendant's claim that the State failed to notify him of its intent to seek enhanced punishment does not entitle him to relief under Rule 36.1. An error regarding the notice to seek enhanced punishment does not render a sentence illegal under Rule 36.1. *State v. Atlanta Pearl Hardy*, No. M2017-00537-CCA-R3-CD, 2017 WL 3492060, at *2 (Tenn. Crim. App. Aug. 15, 2017). Accordingly, the Defendant failed to state a colorable claim for relief, and the trial court properly denied his motion summarily. He is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 4 -